1  LISA K. GARNER  (SBN:  155554)
2  GEORGE A. ACERO  (SBN: 226709)
   CAMILLE VASQUEZ  (SBN: 273377)
   GORDON & REES LLP
3  633 West Fifth Street, 52nd Floor
   Los Angeles, CA 90071
4  Telephone:  (213) 576-5000
   Facsimile:  (213) 680-4470
5  lgarner@gordonrees.com
   gacero@gordonrees.com
6  cvasquez@gordonrees.com

7  Attorneys for Defendants
   WASTEQUIP MANUFACTURING COMPANY LLC
8  Erroneously Sued and Served As WASTEQUIP
   MANUFACTURING COMPANY, A CORPORATION
9  and WASTEQUIP, LLC Erroneously
   Sued and Served As WASTEQUIP, INC.

10

11                                          **CONFORMED COPY**

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15  THOMAS A. BULLARD,                CASE NO. 1309 mmm-SS

16                    Plaintiff,      **DEFENDANTS WASTEQUIP MANUFACTURING COMPANY LLC AND WASTEQUIP, LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (DIVERSITY)**

17       vs.

18  WASTEQUIP, INC., a Corporation;
    WASTEQUIP MANUFACTURING
19  COMPANY, a corporation; and DOES 1   Complaint Filed in Los Angeles
    -20, inclusive,                      County Superior Court December 31,
20                                        2013
                      Defendants.
21

22        **TO THE CLERK OF THE UNITED DISTRICT COURT, CENTRAL**

23  **DISTRICT OF CALIFORNIA:**

24        PLEASE    TAKE    NOTICE    that    Defendants    WASTEQUIP

25  MANUFACTURING COMPANY LLC and WASTEQUIP, LLC (collectively

26  "Defendants" or "Wastequip") hereby remove the state court action captioned

27  *Thomas A. Bullard v. Wastequip, Inc.,* Case No.  BC 531862, Los Angeles  County

28  Superior Court, California (the "Action"), to this Court pursuant to 28 United

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

States Code sections 1332, 1441(a) and (b) and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. § 1332 based upon complete diversity of citizenship.

## I.    REMOVAL JURISDICTION

1.    This action may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1332, because complete diversity exists among the parties and the amount in controversy exceeds $75,000.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1446(a).

## II.    RELEVANT PROCEDURAL FACTS

3.    On or about December 31, 2013, Plaintiff Thomas A. Bullard ("Plaintiff or Bullard") filed his Complaint in the Superior Court of California, County of Los Angeles (the "Complaint"). (Ex. A to Notice of Removal.)  The Complaint is the only pleading served on Defendants in this lawsuit. (Dec. of Lisa K. Garner, ¶ 2.)

4.    On February 18, 2014, Defendants filed their Answer to the Complaint in the Superior Court of California, County of Los Angeles. (Ex. B to Notice of Removal.)

5.    Pursuant to 28 U.S.C. §§ 1446(a), 1447(h), and 1449, a true and correct copy of "all process, pleadings, and orders served upon such defendant," including the Complaint are attached to this Notice of Removal as Exhibits A and B, and are incorporated herein by reference.

6.    This Notice of Removal is filed within 30 days after the initial receipt by Defendants of a copy of the Complaint. (Decl. of Garner, ¶ 2.)

///

///

///

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## III.   A PROPER BASIS EXISTS FOR REMOVAL

**A.   Complete Diversity Exists**

7.    Based upon Plaintiff's Complaint, Plaintiff was, and still is, a citizen of the State of California.  (Ex. A to Notice of Removal, Complaint, ¶ 4.)

8.    Wastequip Manufacturing Company LLC is a limited liability company formed in Ohio with its principal place of business in Charlotte, North Carolina.  Since the date the complaint was filed (December 31, 2013) to the present, Wastequip Manufacturing Company LLC's sole member is Wastequip LLC.  Since the date the complaint was filed (December 31, 2013) to the present, Wastequip LLC has been a limited liability company formed in Ohio with its principal place of business at 6525 Morrison Boulevard, Suite 300, in Charlotte, North Carolina.  Since the date the complaint was filed (December 31, 2013) to the present, Wastequip LLC's sole member is Patriot Container Acquisition Corp., which is a Delaware Corporation, whose principal place of business is in Charlotte, North Carolina.  (Decl. of Steve Svetik, Para. 2.)  A limited liability company has the same citizenship as all of its members.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

10.    The Complaint names as Defendants "Does 1-50."  Defendants are informed and believes, and on that basis allege, that no fictitiously named Defendants have been served with a copy of the Complaint.  Thus, these fictionally named Defendants are not parties to this action.  Additionally, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C.  § 1441(a).

**B.    The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

11.    The Complaint expressly states the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000).  In fact, Plaintiff expressly states that Defendants owe him $280,000.  (Ex. A to Notice of Removal, Complaint, ¶¶

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

21 and 33.)  Defendants meet their burden based on these allegations and the following:

(a)    In his Complaint, Plaintiff contends he suffered "humiliation, mental anguish, and severe emotional distress, according to proof." (Complaint, Prayer, ¶ 1.)  Allegations of emotional distress are considered in determining whether the amount in controversy requirement is met.  *Richmond v. Allstate Insurance*, 897 F.Supp. 447, 450 (S.D.  Cal.  1995).  Further, "[t]he vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial." *Id.*

(b)    In his Complaint, Plaintiff alleges that "[t]he aforesaid acts of Defendants were inherently oppressive, outrageous and despicable, and were committed by Defendants' managing agents in conscious disregard of the law and of Plaintiff's rights." (Complaint, ¶ 48 and see Prayer, ¶4.)  Punitive damages can also be considered in determining the amount in controversy.  See, e.g., *Richmond v. Allstate Insurance*, 897 F.Supp. 447, 450-451 (S.D. Cal. 1995).  "Accordingly, the court may consider punitive damages when determining the amount in controversy." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).  *Id.*; *Haase v.  Aerodynamics Inc.*, 2009 U.S. Dist. LEXIS 96563, *12-13 (E.D.  Cal. 2009) (the Court can properly rely to citations of case law, including unpublished memorandum orders, as a guide to likelihood of the amount of the punitive damages in the case before it);

(c)    In his Complaint, Plaintiff alleges he seeks recovery for "reasonable attorney's fees." (Complaint, Prayer, ¶ 5.)  *Brady v.  Mercedes-Benz USA, Inc.*, 243 F.  Supp. 2d 1004, 1010-1011 (N.D.  Cal.  2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."). *Flannery v. Prentice*, 26 Cal.4th 572, 576 (2001) ("$891,042 in fees and expenses for the

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1  underlying case and $ 80,642 in fees and expenses for fee work" in FEHA case

2  awarded by trial court and affirmed by Court of Appeal); *Akers v. County of San*

3  *Diego*, 95 Cal.App.4th 1441, 1445 (2002) (affirming "$249,345 in attorney fees"

4  in pregnancy/gender discrimination case).

5       12.    Based upon the foregoing, the amount in controversy in this matter,

6  on the face of the Complaint, appears to well exceed the jurisdictional minimum of

7  $75,000.   Accordingly, this action is a civil action over which this Court has

8  original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to

9  this Court by Defendant pursuant to 28 U.S.C. § 1441 based on diversity

10  jurisdiction.

11  **IV.   ALL THE PROCEDURAL REQUIREMENTS FOR REMOVAL**
   **HAVE BEEN SATISFIED**

12

13       13.    Pursuant to 28 U.S.C. § 1441(a), venue is proper as this case may be

14  removed to the United States District Court for the Central District of California,

15  Western Division, since the case arose in Los Angeles County.

16       14.    The initial Complaint is the only pleading served on Defendants in

17  this matter.  It was served via Notice and Acknowledgment of Receipt – Civil by

18  mail on January 23, 2014.  (Dec. of Garner, ¶ 2.)  Defendants signed the

19  Acknowledgment of Receipt on February 6, 2014.  (*Id.*)  Defendants have filed

20  this notice within 30 days after receiving the pleadings from which they could first

21  determine that this action was removable, and less than one year after

22  commencement of this action.  Thus, removal is timely and proper pursuant to 28

23  U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

24       15.    As required by 28 U.S.C. § 1446, copies of "all process, pleadings,

25  and orders served upon such defendant" regarding the state court action are

26  attached to this Notice of Removal as Exhibits A and B.

27  **V.   CONCLUSION**

28      For the reasons describe above, Plaintiff's claims are properly removable

1  under 28 U.S.C.  § 1441(a) and (b).  Accordingly, Defendants respectfully request

2  that this Court proceed with this matter in this Court.

3

4  Dated:   February 20, 2014                  GORDON & REES LLP

5

6                                              By:   /s/ Lisa K. Garner
                                                    Lisa K. Garner
7                                                   George A. Acero
                                                    Camille Vasquez
8                                             Attorneys for Defendants WASTEQUIP
                                              MANUFACTURING COMPANY LLC
9                                             and WASTEQUIP, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

ZRCEPL/1085554/18428189v.1

# EXHIBIT A

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

DEC 3 1 2013

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

1  The EISENBERG LAW FIRM
   Cara Eisenberg, Esq. SBN 128208
2  509 South Beverly Drive
   Beverly Hills, California 90212
3  Tel: (310) 201-0211
4  Fax: (310) 551-1644
   cle@EisenbergLawFirm.com
5

6  Attorneys for Plaintiff
7  THOMAS A. BULLARD

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA
9  COUNTY OF LOS ANGELES -- UNLIMITED JURISDICTION

10

11 THOMAS A. BULLARD,                    ) CASE NO:   BC531862
12                                        )
13             Plaintiff,                 ) COMPLAINT FOR DAMAGES FOR:
14                                        )
                                          ) 1)  BREACH OF CONTRACT; AND
15 vs.                                    )
16                                        ) 2)  FRAUD
17 WASTEQUIP, INC., a Corporation;        )
18 WASTEQUIP MANUFACTURING               ) AND DEMAND FOR JURY TRIAL
   COMPANY, a Corporation, AND DOES 1-   )
19 20, INCLUSIVE,                         )
20                                        )
21             Defendants.                )
22 _____       )

23

24     Plaintiff, THOMAS A. BULLARD, complains and alleges as follows, that at all times

25 material to this action:

26 ///

27

28
   _____
                          1
   COMPLAINT & DEMAND FOR JURY TRIAL

1.    Plaintiff Thomas A. Bullard ("Bullard"), is a former employee of Defendants, who has suffered severe and continuing injury, including severe economic injuries as a result of unlawful and wrongful conduct engaged in by his former employers, WASTEQUIP MANUFACTURING COMPANY ("WASTEQUIP MANUFACTURING") and WASTEQUIP, INC. ("WASTEQUIP").  Consequently, in this action, Plaintiff seeks an award of economic, non-economic and punitive damages, as well as an award of reasonable attorney's fees and costs as allowed by law.

2.    Each of the fictitious Defendant Does 1 through 20, inclusive, are sued pursuant to Code of Civil Procedure Section 474, because Plaintiff does not know their names and/or capacities at this time.  Plaintiff will seek leave of the court to amend this complaint when the true names and capacities of the Defendant designated herein as "Does" have been ascertained.

3.    Each Defendant is sued as a joint-tortfeasor, joint employer, aider-and-abettor, co-conspirator, officer, and/or agent of every other Defendant, acting within the course and scope of such status, relationship, conspiracy and/or agency unless otherwise specified.  Reference made in this complaint to "Defendants" shall be deemed to mean the acts of all Defendants acting jointly and/or severally and/or as joint-tortfeasors and aiders-and-abettors and/or co-conspirators acting in furtherance of a targeted goal unless otherwise stated.

4.    At all times material to this action:

(a)    Plaintiff was an adult male who was and is a resident of the County of Los Angeles, State of California;

(b)    Upon information and belief, Defendant WASTEQUIP, INC. was an Ohio corporation doing business in Los Angeles County in the State of California, and the successor

2

COMPLAINT & DEMAND FOR JURY TRIAL

1  corporation to WASTEQUIP MANUFACTURING COMPANY, and joint employer with

2  WASTEQUIP MANUFACTURING of Plaintiff Bullard;

3          (c)    Upon    information    and    belief,    Defendant    WASTEQUIP

4  MANUFACTURING COMPANY was an Ohio corporation, doing business in Los Angeles

5  County in the State of California and the predecessor corporation of Defendant WASTEQUIP,

6  INC., and a joint employer with Defendant WASTEQUIP of Plaintiff Bullard.

7

8      5.    In or about April of 2007, Bullard was hired by Defendant WASTEQUIP

9  MANUFACTURING COMPANY as its Regional Sales Manager, West Group Division.

10     6.    On or about April 2, 2007, Bullard and "the Company," defined as "Wastequip

11 Manufacturing Company, an Ohio corporation, and its successors and assigns," entered into a

12 written Employment Agreement that provided Bullard with a two-year "Consulting Agreement"

13 upon termination *without cause*. Bullard was employed as the Regional Sales Manager of the

14 West Group Division for the Company.

15

16     7.    Pursuant to Paragraph 6.4 of the Employment Agreement, in relevant part, "If

17 Cause (as such term is defined in Section 6.5) does not exist, then the Employee's employment

18 may be terminated at the option of and upon written notice from the Company to the Employee

19 at any time.  Upon any termination of employment pursuant to this Section 6.4, regardless of

20 when it occurs, (i) the Company will pay the Base Salary through the effective date of such

21 termination,...and (iii) the Company will offer to enter into the Consulting Agreement with the

22 Employee."

23

24     8.    In Section 6.5 of the Employment Agreement, six bases establishing "Cause" are

25 set forth in subsections (A) -(F).   "For purposes of this Agreement, "Cause "shall be deemed to

26 exist if (A) the Employee has committed an act of fraud upon, or an act evidencing dishonesty to,

27

28
                              3

the Company or an Affiliate, or has misappropriated any funds, property, or rights of the Company or an affiliate; (B) the Employee has neglected or willfully breached his duties as an employee, or has breached any of the Employee's covenants in this Agreement; (C) the Employee has committed any felony or other conduct that materially injures the reputation of the Company or an Affiliate; (D) the Employee is intoxicated with alcohol or impaired by drugs while on the Company's or any Affiliate's premises during regular business hours; (E) any person other than the Employee drives the Company Car or the Employee drives the Company Car under the influence of alcohol or while impaired by drugs; or (F) the Employee fails to generate Individual Gross Sales of less than One Million Dollars ($1,000,000) in any 12-month period."

9.     During the five years from 2007 through August 8, 2012, Bullard fulfilled all of his obligations under the Employment Agreement.

10.     During the five years from 2007 through August 8, 2012, Bullard did not engage in any of the six bases of "Cause" set forth in Section 6.5 (A) through (F) of the Employment Agreement.

11.     Prior to the date of Bullard's termination, WASTEQUIP, Inc., the successor corporation, acquired majority ownership of WASTEQUIP MANUFACTURING COMPANY and both Defendants continued as joint employers of Bullard.

12.     Upon information and belief, on acquiring controlling ownership of WASTEQUIP MANUFACTURING COMPANY, Defendant WASTEQUIP reviewed, adopted and ratified the Employment Agreement with Bullard, without modifying or seeking to modify any provisions thereof and without repudiating any of the terms of its Agreement with Bullard.

13.     Nonetheless, within about two months, WASTEQUIP abruptly terminated Bullard, without cause, while characterizing the termination as "with cause" to wit, "the

4

COMPLAINT & DEMAND FOR JURY TRIAL

Company has learned of two motor vehicle accidents in which you were involved during 2012, and feels that the circumstances surrounding those accidents and their aftermath provide the Company with Cause, as defined in Section 6.5."

14.     In terminating Bullard, Defendants did not cite any of the bases for "Cause" set forth in Section 6.5 of the Employment Agreement; "Cause" is nowhere defined in the Agreement as involvement in a motor vehicle accident.

15.     By terminating Bullard allegedly "with cause," when "cause" did not exist, Defendants, and each of them, breached the Agreement to enter into the two-year Consulting Agreement pursuant to Section 6.4 upon termination "without cause."

16.     The Employment Agreement provided that a "Consulting Agreement" means, in pertinent part, "a written Consulting Agreement between the Company and Thomas Bullard (for purposes of this definition only, the "Consultant"), in form and substance reasonably satisfactory to the Company, providing for (i) a 2-year consulting term commencing on the effective date of the termination of this Agreement, (ii) consulting payments by the Company to the Consultant in the amount of Eleven Thousand Six Hundred Sixty-Seven Dollars ($11,667) per month, (iii) not less than ten (10) hours of consulting services per week by the Employee..."

17.     When Defendant WASTEQUIP, Inc., the successor corporation, ratified and adopted, and did not repudiate his Employment Agreement, Bullard reasonably expected that, in consideration of his continued performance pursuant to the Agreement, he would reap the benefits of his labor and the benefits of the bargain and that upon being "terminated without cause," pursuant to Section 6.4, the Defendants would honor the agreement to enter into the Consulting Agreement.

18.     Bullard relied on Defendants' ratification of the Employment Agreement by

remaining with the Company and continuing to perform pursuant to his Employment Agreement after WASTEQUIP acquired a controlling interest in Defendant WASTEQUIP MANUFACTURING.

19.    Plaintiff's employment as Regional Sales Manager was wrongfully terminated in violation of his Employment Agreement, and Defendants willfully robbed Plaintiff of the long-term economic benefits of his labor and the benefits of the bargain under said Agreement.

20.    After his employment was wrongfully terminated without cause, Plaintiff demanded that Defendants honor the Consulting Agreement, but Defendants willfully failed to do so.

21.    In breach of the covenant of good faith and fair dealing, it being clear that Plaintiff had positioned himself to earn his agreed-upon compensation for 24 months at Eleven Thousand Six Hundred Sixty-Seven Dollars ($11,667) per month, pursuant to the Consulting Agreement, Defendants trumped up "Cause" for termination when "Cause" did not exist, to rid themselves of the obligation pursuant to the Employment Agreement to enter into the mandated Consulting Agreement, obligating Defendants to pay Bullard $280,008.

22.    Upon information and belief, Defendants always intended to fraudulently induce Plaintiff to perform pursuant to the Employment Agreement, falsely leading Plaintiff to rely on the good faith covenant of their agreement and to believe that he was entitled to the benefits of the Consulting Agreement due under the Employment Agreement for termination without cause.

23,    Upon information and belief, Defendants always intended to rob Plaintiff of his rights to the compensation due pursuant to section 6.4 of the Employment Agreement as a way of exploiting Plaintiff's labor and simultaneously avoiding its Consulting Agreement severance obligations.

24.     Plaintiff performed as Regional Sales Manager of the West Group Division of the Company in reliance on the Agreement and covenant of good faith and fair dealing, and Defendant's promises to pay him pursuant to the Consulting Agreement upon termination without cause for termination as defined in the Employment Agreement.

25.     Plaintiff did not engage in any conduct for which termination of his employment "with cause" was proper.

26.     No good cause for termination of Plaintiff's Employment existed from 2007 when he executed the Employment Agreement through August 8, 2012, when he was terminated.

27.     Defendants, and each of them, defrauded Plaintiff of the benefits of his labor and his Employment Agreement by breaching their contract with him.

## I.

### FIRST CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT
Against Defendants WASTEQUIP, INC., WASTEQUIP MANUFACTURING COMPANY and Does 1-7

28.     All allegations set out in Paragraphs 1 through 27 are hereby incorporated to apply to this claim.

29.     Plaintiff performed all of the conditions pursuant to the Employment Agreement required to mandate the Defendants to enter into the Consulting Agreement upon Plaintiff's termination and engaged in none of the defined bases of "Cause" for termination.

30.     By Defendants' deceptive actions of manufacturing "Cause" to terminate Plaintiff where "cause" did not exist, when Defendants terminated Plaintiff on August 8, 2012, they materially breached their contract with Plaintiff.

31.     By failing and refusing to honor its Consulting Agreement with Plaintiff after they terminated Plaintiff without cause, Defendants breached and continue to breach their contract

7

COMPLAINT & DEMAND FOR JURY TRIAL

1  with Plaintiff including, but not limited to, the covenant of good faith and fair dealing.

2      32.    Defendants willfully breached their contract with Plaintiff.

3      33.    As a direct and proximate result of the aforesaid breach of contract by

4  Defendants, by and through their managing agents and/or employees, and each of them, Plaintiff

5  has suffered a loss of earnings in excess of $280,000. Plaintiff thus seeks an award of economic

6  and non-economic damages against Defendants in an amount sufficient to fully compensate

7  Plaintiff, together with pre-judgment interest and, if allowable by law, attorneys' fees.

8      34.    Plaintiff seeks all other consequential damages available by law as a result of

9  Defendants' breach of contract.

10

11

12

13

14

15

**II.**
**SECOND CAUSE OF ACTION**
**FRAUD**
**Against Defendant WASTEQUIP, INC., Defendant WASTEQUIP MANUFACTURING COMPANY, and Does 8-14**

16      35.    All allegations set out in Paragraphs 1 through 27 and Paragraphs 29 through 32

17  are hereby incorporated to apply to this claim.

18      36.    Upon entering into the Employment Agreement in 2007, Defendant

19  WASTEQUIP MANUFACTURING made a promise to Plaintiff that, when Plaintiff was

20  terminated without cause, he would be compensated pursuant to the mandated Consulting

21  Agreement for a period of two years following his termination. Defendant knew that this

22  promise was material to Plaintiff and that, absent that Consulting Agreement, Plaintiff would not

23  have entered into the Employment Agreement. Thus, Defendant intended for Plaintiff to rely on

24  its promise to abide by the Consulting Agreement and Plaintiff did, in fact, rely on same.

25      37.    Defendants later terminated Plaintiff's contract for manufactured "cause" that did

26

27

28

8
**COMPLAINT & DEMAND FOR JURY TRIAL**

1  not exist and was pretext to advantage itself and to avoid paying the severance due and owing

2  pursuant to Section 6.4 of the Employment Agreement and the Consulting Agreement (when

3  termination is without cause).

4

5  38.  Upon  entering  into  the  Employment  Agreement  in  2007,  Defendant

6  WASTEQUIP MANUFACTURING intentionally and knowingly and falsely represented to

7  Plaintiff that, when Plaintiff was terminated without cause, he would be compensated pursuant to

8  the mandated Consulting Agreement for a period of two years following his termination.

9  39.  When  Defendant  WASTEQUIP  INC.  acquired  Defendant  WASTEQUIP

10  MANUFACTURING, by ratifying the Employment Agreement, it intentionally and knowingly

11  and falsely represented to Plaintiff that, if not terminated for cause, he would be compensated

12  pursuant to the mandated Consulting Agreement for a period of two years following his

13  termination.

14

15  40.  Defendants' representations were false;

16  41.  Defendants knew that the representations were false when made;

17  42.  Defendants intended that Plaintiff rely on the representations.

18  43.  When he entered into the Employment Agreement, and when he remained in the

19  Defendants' employ after WASTEQUIP Inc. became his employer, Plaintiff reasonably relied on

20  Defendants' representation that he would be compensated pursuant to the Consulting Agreement

21  when terminated without cause.

22

23  44.  Plaintiff's reliance on Defendants' representation was a substantial factor in

24  causing his harm.

25  45.  Upon information and belief, Defendants never intended to honor the bargain that

26  it had with Plaintiff.

27

28

9

**COMPLAINT & DEMAND FOR JURY TRIAL**

46.   Plaintiff fulfilled the commitments and obligations that he undertook with Defendants.

47.   As a direct and proximate result of the aforesaid acts of Defendants by and through their managing agents and/or employees, and each of them, constituting Fraud, Plaintiff has suffered economic and non economic injuries, damages and harm for which Plaintiff seeks an award of economic and non-economic damages in an amount sufficient to fully compensate him, together with pre-judgment interest and, if allowable by law, attorneys' fees.

48.   The aforesaid acts of Defendants were inherently oppressive, outrageous and despicable, and were committed by Defendants' managing agents in conscious disregard of the law and of Plaintiff's rights.   Thus, Plaintiff seeks the award of punitive damages against Defendants to punish Defendants and to deter them from engaging in such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in his favor and against Defendants WASTEQUIP INC., and WASTEQUIP MANUFACTURING COMPANY (and each of them) as follows:

1.   For all Non-Economic damages for losses resulting from humiliation, mental anguish, and severe emotional distress, according to proof;

2.   For all Economic damages for loss of income and loss of earnings and earning capacity and related economic damages according to proof;

3.   For pre-judgment interest on the amount of all losses incurred, at the prevailing legal rate;

4.   For punitive damages against Defendants to punish and/or deter Defendants from engaging in such conduct in the future and according to proof;

5.   For attorneys fees and costs of suit to the full extent allowable by applicable law; and

6.   For such other damages, which may be proved at the time of trial.

DATED: December 2Ψ, 2013          The EISENBERG LAW Firm

                                  By: _____
                                      Cara L. Eisenberg, Esq.
                                      Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that the matter be tried to a jury.

DATED: December 2Ψ, 2013          The EISENBERG LAW Firm

                                  By: _____
                                      Cara L. Eisenberg, Esq.
                                      Attorneys for Plaintiff

# EXHIBIT B

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

FEB 18 2014

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

1   LISA K. GARNER  (SBN:  155554)
    GEORGE A. ACERO  (SBN:  226709)
2   CAMILLE VASQUEZ  (SBN:  273377)
    GORDON & REES LLP
3   633 WEST FIFTH STREET, 52ND FLOOR
    LOS ANGELES, CA 90071
4   TELEPHONE:  (213) 576-5000
    FACSIMILE:  (213) 680-4470
5
    ATTORNEYS FOR DEFENDANTS
6   WASTEQUIP MANUFACTURING COMPANY LLC
    ERRONEOUSLY SUED AND SERVED AS WASTEQUIP
7   MANUFACTURING COMPANY, A CORPORATION
    AND WASTEQUIP, LLC ERRONEOUSLY
8   SUED AND SERVED AS WASTEQUIP, INC.

9                                    CONFORMED COPY

10          SUPERIOR COURT OF CALIFORNIA - COUNTY OF LOS ANGELES

11                          [UNLIMITED JURISDICTION]

12   THOMAS A. BULLARD,                  )  CASE NO.  BC 531862
                                         )
13                  Plaintiff,           )  ANSWER TO COMPLAINT BY
                                         )  DEFENDANTS WASTEQUIP
14          vs.                          )  MANUFACTURING COMPANY LLC
                                         )  AND WASTEQUIP, LLC
15   WASTEQUIP, INC., a Corporation;     )
     WASTEQUIP MANUFACTURING             )
16   COMPANY, a corporation; and DOES 1 -20,  )
     inclusive,                          )
17                                       )  Complaint Filed:  December 31, 2013
                    Defendants.          )
18                                       )

19

20          COME NOW defendants WASTEQUIP MANUFACTURING COMPANY LLC and

21   WASTEQUIP, LLC (collectively "Defendants" or "Wastequip"), for themselves alone and no

22   others, hereby answer the complaint of Plaintiff THOMAS A. BULLARD ("PLAINTIFF") as

23   follows:

24                                GENERAL DENIAL

25          Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants generally

26   and specifically deny each and every allegation contained in the Complaint, and each and every

27   alleged cause of action therein, and further deny that Plaintiff is entitled to any of the relief

28   requested, that Defendants committed any wrongful conduct or omission, whether alleged or

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-1-
ANSWER TO COMPLAINT

1  otherwise, and that conduct or omissions of Defendants caused any injury or damage to Plaintiff
2  in the sum or manner alleged, or in any other sum or manner, or at all.

**AFFIRMATIVE DEFENSES**

4          Defendants further allege the following affirmative defenses to the Complaint
5  (hereinafter "Complaint").  By alleging the defenses set forth below, Defendants do not thereby
6  agree or admit that they have the burden of proof, persuasion, or production with respect to any
7  elements of any defense, or that Plaintiff has properly asserted any cause of action against
8  Defendants.

**FIRST AFFIRMATIVE DEFENSE**

10        1.      Plaintiff's Complaint, and each and every claim contained therein, fails to state a
11  claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

13        2.      The Complaint and the purported causes of action are barred by the applicable
14  statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

16        3.      The Complaint, and each cause of action, fails to state a claim for punitive or
17  exemplary damages under the applicable provisions of law, including, but not limited to, the
18  Constitution of the United States and California Civil Code Section 3294.

**FOURTH AFFIRMATIVE DEFENSE**

20        4.      The Complaint, and each purported cause of action alleged therein, is barred by
21  the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits
22  Plaintiff's alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

24        5.      Plaintiff is estopped from proceeding with these claims and/or has waived the
25  right to proceed with these claims.

**SIXTH AFFIRMATIVE DEFENSE**

27        6.      Plaintiff's claims are barred by the doctrine of laches.
28  ///

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1

### SEVENTH AFFIRMATIVE DEFENSE

2     7.     Plaintiff's claims are barred by the doctrine of unclean hands.

3

### EIGHTH AFFIRMATIVE DEFENSE

4     8.     Plaintiff's claims are barred or diminished by the doctrine of avoidable

5 consequences.

6

### NINTH AFFIRMATIVE DEFENSE

7     9.     Plaintiff's claims are barred by the doctrines of mistake, duress and/or fraud.

8

### TENTH AFFIRMATIVE DEFENSE

9     10.     Any damages otherwise recoverable by Plaintiff are barred and/or limited by

10 Plaintiff's failure to exercise reasonable diligence in attempting to mitigate his alleged damages.

11

### ELEVENTH AFFIRMATIVE DEFENSE

12     11.     Defendants allege that they are justified and have valid excuses for any non-

13 performance or breach of any contract with Plaintiff by reason of Plaintiff's own conduct or the

14 conduct of third parties of defendant outside their control which justifies or excuses any alleged

15 breach of contract by Defendant.

16

### TWELFTH AFFIRMATIVE DEFENSE

17     12.     Defendants allege that Plaintiff has not performed the actions that were a

18 condition precedent to Plaintiff receiving the compensation or remuneration from Defendants

19 that Plaintiff seeks in Plaintiff's Complaint.

20

### THIRTEENTH AFFIRAMTIVE DEFENSE

21     13.     Defendants allege that Plaintiff was unjustly enriched by obtaining benefits to the

22 detriment of Defendants, and therefore Plaintiff's recovery should be barred or reduced

23 accordingly.

24

### FOURTEENTH AFFIRMATIVE DEFENSE

25     14.     Defendants allege that they are entitled to an offset against recovery by Plaintiff

26 in this action for the sums of money that Plaintiff presently owes to Defendant(s).

27

### FIFTEENTH AFFIRMATIVE DEFENSE

28     15.     Defendants allege that each and every contract based cause of action in the

operative pleading fails because the alleged contract was superseded by a novation and the contract Plaintiff alleges was breached was no longer operative at the time of the breach.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Defendants allege that, as to those causes of action relating to alleged agreements/representations, Plaintiff, without justification or excuse, materially breached the alleged agreements and made misrepresentations to Defendants, and thus these Defendants are discharged from performing any obligations under such agreements, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Defendants allege that each and every fraud based cause of action in the operative pleading fails due to the economic loss rule since the gravamen of the claim is a breach of contract rather than fraud.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Defendants allege that each and every fraud or contract based cause of action in the operative pleading fails to the extent Plaintiff seeks non-economic damages since such damages are not recoverable under a fraud or contract theory.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Defendants allege that, to the extent an actionable agreement, covenant, or contract exists or is established, any duty or performance of Defendants is excused by reason of failure of consideration, breach by Plaintiff, impossibility of performance, prevention by Plaintiff, frustration of purpose, anticipatory breach, and/or acceptance by Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     Defendants allege that, to the extent an actionable agreement, covenant, or contract exists or is established, Plaintiff's claims against Defendants are or may be barred by reason of mistake.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Defendants assert that they may have other separate and additional defenses of which they are not presently aware and reserve the right to amend this Answer to assert such defenses as they become apparent.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA. 90071

Defendants pray for judgment as follows:

1.   That this action be dismissed in its entirety, with prejudice.

2.   That judgment be entered in favor of Defendants and against Plaintiff.

3.   That Defendants be awarded their costs of suit and attorneys' fees incurred herein; and

4.   For such and other further relief as this Court may deem just and proper.

Dated: February _18_, 2014                      GORDON & REES LLP


                                                By: _Camille M. Vasquez_
                                                    Lisa K. Garner
                                                    George A. Acero
                                                    Camille Vasquez
                                                Attorneys for Defendants WASTEQUIP
                                                MANUFACTURING COMPANY LLC and
                                                WASTEQUIP, LLC

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

ZRCEPL/1085554/18538050v.1

-5-

ANSWER TO COMPLAINT

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071.

On February 18, 2014, I served the within documents: ANSWER TO COMPLAINT BY DEFENDANTS WASTEQUIP MANUFACTURING COMPANY LLC AND WASTEQUIP, LLC

☐ BY FACSIMILE. By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ BY PERSONAL SERVICE. I caused the document(s) listed above to be personally served via USA Legal Network to the person(s) at the address(es) set forth below.

☑ BY U.S. MAIL. By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

☐ BY OVERNIGHT SERVICE. By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☐ BY ELECTRONIC. By transmitting via ELECTRONIC MAIL the document(s) listed above to the electronic mail (e-mail) address as follows.:

CARA EISENBERG
THE EISENBERG LAW FIRM
509 South Beverly Drive
Beverly Hills, CA 90212
Telephone:     (310) 201-0211
Facsimile:     (310) 551-1644
cle@eisenberglawfirm.com

Attorneys for Plaintiff

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 18, 2014, at Los Angeles, California.

Betty Jue

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Wastequip, Inc., a Corporation; Wastequip Manufacturing Company, a
Corporation, and DOES 1-20, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Thomas A. Bullard

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court Of California<br>County Of Los Angeles<br><br>DEC 3 1 2013<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Kristina Vargas, Deputy</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

<table>
<tr><td>The name and address of the court is:<br>(El nombre y dirección de la corte es): Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, CA  90012</td><td>CASE NUMBER:<br>(Número del Caso):<br>BC 5 3 1 8 6 2</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Eisenberg Law Firm, 509 South Beverly Drive, Beverly Hills, CA  90212; (310) 201-0211

<table>
<tr><td>DATE:<br>(Fecha)</td><td>SHERRI R. CARTER</td><td>Clerk, by<br>(Secretario)</td><td>Kristina Vargas</td><td>, Deputy<br>(Adjunto)</td></tr>
</table>

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

DEC 3 1 2013

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**
Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT **BC531862**

Your case is assigned for all purposes to the judicial officer indicated below . There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Terry A. Green | 14 | 300 | | Hon Rolf M. Treu | 58 | 516 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | | | |
| Hon. Barbara Scheper | 30 | 400 | | | | | |
| Hon. Mary H. Strobel | 32 | 406 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michael P. Linfield | 34 | 408 | | **Hon. Elihu M. Berle\*** | **323** | **CCW** | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | OTHER | | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | | | |
| Hon. Deirdre Hill | 49 | 509 | | | | | |
| Hon. John L. Segal | 50 | 508 | | | | | |
| Hon. Abraham Khan | 51 | 511 | | | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | | | |

**\*Complex**
All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on DEC 3 1 2013     SHERRI R. CARTER, Executive Officer/Clerk
                                                                By _____ , Deputy Clerk
                                                                       Kristina Vargas

LACIV CCH 190 (Rev09/13)          **NOTICE OF CASE ASSIGNMENT –**                Page 1 of 2
LASC Approved 05-06
For Optional Use                    **UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev09/13)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2

26

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

28

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
          (INSERT DATE)                                   (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____         ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____         ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____         ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____         ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____         ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____         ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____         ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>FAX NO. (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION -- DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION -- DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court. .

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____    ➤   _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR PLAINTIFF)

Date:

_____    ➤   _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤   _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤   _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤   (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____    ➤   (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____    ➤   (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER: | | Reserved for Court's File Stamp |
|---|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

34

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR PLAINTIFF)

Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ▶  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ▶  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ▶  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date:   _____          _____
                                                                      JUDICIAL OFFICER

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State number, and address): | FOR COURT USE ONLY |
|---|---|
| Cara L. Eisenberg, Esq., SBN 128208<br>The Eisenberg Law Firm<br>509 South Beverly Drive<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 201-0211     FAX NO.: (310) 551-1644<br>ATTORNEY FOR (Name): Plaintiff, Thomas Bullard | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court Of California<br>County Of Los Angeles<br><br>DEC 3 1 2013<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Kristina Vargas, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Bullard v. Wastequip, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 5 3 1 8 6 2 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☑ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | Real Property<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | Unlawful Detainer<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>Judicial Review<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02) | Enforcement of Judgment<br>☐ Enforcement of judgment (20)<br>Miscellaneous Civil Complaint<br>☐ RICO (27)<br>☐ Other complaint (not specified above) (42)<br>Miscellaneous Civil Petition<br>☐ Partnership and corporate governance (21)<br>☐ Other petition (not specified above) (43) |
| Employment<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 2013

Cara L. Eisenberg
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

36

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2007]                                    CIVIL CASE COVER SHEET                                    Page 2 of 2

NAME ADDRESS AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:
THE EISENBERG LAW FIRM
Cara L. Eisenberg, Esq.
509 South Beverly Drive
Beverly Hills, CA  90212

STATE BAR NUMBER
128208

*Reserved for Clerk's File Stamp*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 0 7 2014

Sherri R. Carter, Executive Officer/Cle
By Raul Sanchez, Deputy

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS: 111 N. Hill Street, Los Angeles, CA  90012
PLAINTIFF: Thomas A. Bullard
DEFENDANT: Wastequip, Inc., a Corporation, et al.

AFFIDAVIT OF PREJUDICE
PEREMPTORY CHALLENGE TO JUDICIAL OFFICER
(Code Civ. Proc., § 170.6)

CASE NUMBER:
BC 531862

| Name of Judicial Officer Hon. Malcolm H. Mackey | Dept./Div. Number 55 |
|---|---|
| ☑ Judge          ☐ Commissioner          ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

| Date: January 7, 2014 | Signature of Declarant | Thomas A. Bullard |
|---|---|---|
| | | (Name of Party) |
| | | ☑ Plaintiff          ☐ Cross Complainant |
| | | ☐ Defendant          ☐ Cross Defendant |

LACIV 015 (Rev. 01/07)
LASC Approved 04-04

AFFIDAVIT OF PREJUDICE
PEREMPTORY CHALLENGE TO JUDICIAL OFFICER

Code Civ. Proc., § 170.6

38

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 01/09/14 | | | DEPT. 55 |
| HONORABLE Malcolm Mackey | JUDGE | E. VERNER | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| M. KINNEY, CA | Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC531862 | Plaintiff Counsel |
| | THOMAS A BULLARD | NO APPEARANCES |
| | VS | Defendant Counsel |
| | WASTEQUIP INC ET AL | |

NATURE OF PROCEEDINGS:

PLAINTIFF-THOMAS A. BULLARD'S PEREMPTORY CHALLENGE
AGAINST THE HONORABLE MALCOLM H. MACKEY,
DEPARTMENT 55.

The Court reviews Plaintiff-Thomas A. Bullard's
Peremptory Challenge filed with the Court on
January 7, 2014 pursuant to Section 170.6
of the Code of Civil Procedure and finds that the
document was filed timely.

All future dates in this department are advanced
and vacated.

Upon direction from Department 1, the above matter
is reassigned from the Honorable Malcolm H. Mackey,
Department 55 to the Honorable Ronald M. Sohigian,
Department 41.

If any appearing party has not yet exercised a
peremptory challenge under Section 170.6 CCP,
peremptory challenges by them to the newly assigned
judge must be timely filed within the 15 day period
specified in Section 170.6 CCP, with extensions of
time pursuant to Section 1013 CCP if service is by
mail.  Previously non-appearing parties, if any, have
a 15 day statutory period from first appearance to
file a peremptory challenge (68616(1) Govt. Code).

Moving party to give notice.

Page   1 of   2   DEPT. 55

| |
|---|
| MINUTES ENTERED 01/09/14 COUNTY CLERK |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 01/09/14 | | DEPT. 55 |
| HONORABLE Malcolm Mackey | JUDGE E. VERNER | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| M. KINNEY, CA | Deputy Sheriff NONE | Reporter |

8:30 am  BC531862

THOMAS A BULLARD

VS

WASTEQUIP INC ET AL

Plaintiff
Counsel          NO APPEARANCES

Defendant
Counsel

NATURE OF PROCEEDINGS:

CERTIFICATE OF SERVICE/
NOTICE OF ENTRY OF ORDER

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Notice of Entry of the above minute
order upon each party or counsel named below by
placing the document for collection and mailing so
as to cause it to be deposited in the United States
mail at the courthouse in Los Angeles, California,
one copy of the original filed/entered herein in a
separate sealed envelope to each address as shown
below with the postage thereon fully prepaid, in
accordance with standard court practices.

Date: 01/09/2014

Sherri R. Carter, Executive Officer/Clerk

By: _____
           E. VERNER

CARA L. EISENBERG, ESQ.
509 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CA  90212

Page  2 of  2  DEPT. 55

MINUTES ENTERED
01/09/14
COUNTY CLERK

40

1   The EISENBERG LAW FIRM
    Cara Eisenberg, Esq. SBN 128208
2   509 South Beverly Drive
    Beverly Hills, California 90212
3   Tel: (310) 201-0211
4   Fax: (310) 551-1644
    cle@EisenbergLawFirm.com
5

6   Attorneys for Plaintiff
7   THOMAS A. BULLARD

8

9

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11      COUNTY OF LOS ANGELES  --  UNLIMITED JURISDICTION

12

13  THOMAS A. BULLARD,                ) CASE NO:  BC 531862
                                      ) *(Assigned to Hon. Ronald M. Sohigian, Dept.*
14                                    ) *"41")*
            Plaintiff,                )
15                                    )
    vs.                               ) NOTICE OF CASE MANAGEMENT
16                                    ) CONFERENCE
17  WASTEQUIP, INC.; a Corporation;   )
    WASTEQUIP MANUFACTURING           )
18  COMPANY, a Corporation, AND DOES 1- )
    20, INCLUSIVE,                    )
19                                    )
20          Defendants.              )
                                      )
21  _____ )

22

23      TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

24  / / /

25  / / /

26  / / /

27

28  _____1_____
            NOTICE OF CASE MANGEMENT CONFERENCE

PLEASE TAKE NOTICE that the Court has set a Case Management Conference for April 30, 2014 at 8:31am in Department "41". (Copy of the Court's notice is attached hereto as Exhibit "A".)

DATED: 15 January 2014                    THE EISENBERG LAW FIRM

                                          By:

                                                Cara L. Eisenberg, Esq.
                                                Attorney for Plaintiff
                                                THOMAS A. BULLARD

2

**NOTICE OF CASE MANGEMENT CONFERENCE**

# EXHIBIT "A"

NOTICE SENT TO:

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles
FILE STAMP

JAN -9 2014

Sherri R. Carter, Executive Officer/Clerk
By Gerald Mack, Deputy

The Eisenberg Law Firm
509 South Beverly Drive
Beverly Hills      CA   90212

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| THOMAS A BULLARD | | CASE NUMBER |
| | Plaintiff(s), | BC531862 |
| VS. | | |
| WASTEQUIP INC ET AL | | NOTICE OF CASE MANAGEMENT CONFERENCE |
| | Defendant(s). | |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for April 30, 2014  at  8:31 am  in  Dept. 41
at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.).

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: January 9, 2014

RONALD M. SOHIGIAN
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: January 9, 2014

Sherri R. Carter, Executive Officer/Clerk

by ————— GERALD MACK ————— , Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

## PROOF OF SERVICE

At the time of service, I was over the age of 18 and not a party to this action. My business address is 509 South Beverly Drive, Beverly Hills, California 90212-4414.

On 24 January 2014, I served the foregoing documents described NOTICE OF CASE ASSIGNMENT, CIVIL CASE COVER SHEET CIVIL CASE COVER SHEET ADDENDUM, VOLUNTARY EFFICIENT LITIGATION STIPULATION, STIPULATION – EARLY ORGANIZATIONAL MEETING, STIPULATION – DISCOVERY RESOLUTION, INFORMAL DISCOVERY CONFERENCE, STIPULATION AND ORDER – MOTIONS IN LIMINE, AFFIDAVIT OF PREJUDICE, NOTICE OF CASE MANAGEMENT CONFERENCE on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

### SEE ATTACHED SERVICE LIST

☒ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Beverly Hills, California.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (310) 551-1644 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

☐ **(BY E-MAIL)** I caused the above-described documents to be transmitted by e-mail to the e-mail address(s) indicated on the attached Service List. My e-mail address is

☒ **(STATE)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on 24 January 2014 at Beverly Hills, California.

_____
ELSA M. MONROY

1
PROOF OF SERVICE

1
2
3                                    **SERVICE LIST**
4   *Attn:  Sherri Satterfield, PHR*           For Defendants
5   *VP Human Resources*
    1901 Roxborough Road
6   Suite 300
    Charlotte, NC  28211
7
    George Acero, Esq.                          Courtesy Copy
8   Gordon & Rees LLP
9   655 University Ave. Suite 200
    Sacramento, CA 95825
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                       2
                             **PROOF OF SERVICE**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Cara L. Eisenberg, Esq., SBN 128208<br>The Eisenberg Law Firm<br>509 S. Beverly Drive<br>Beverly Hills, CA 90212<br>   TELEPHONE NO.: (310) 201-0211      FAX NO. (Optional): (310) 551-1644<br>E-MAIL ADDRESS (Optional): cle@Eisenberglawfirm.com<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 N. Hill Street |
| MAILING ADDRESS: Same |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| PLAINTIFF/PETITIONER: Thomas Bullard |
|---|
| DEFENDANT/RESPONDENT: Wastequip, Inc., a Corp., Wastequip Manufacturing Co., et al |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC531862 |
|---|---|

TO (insert name of party being served): George Acero, Esq. on behalf of Wastequip, Inc., a Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 2014

Cara L. Eisenberg, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [✔] A copy of the summons and of the complaint.
2. [✔] Other (specify):
   Notice of Case Management Conference and Affidavit of Prejudice
   *notice of reassignment*

(To be completed by recipient):

Date this form is signed: 2-6-2017

George Acero, Esq., *Wastequip LLC*
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *George Acero - Partner, Gordon Rees, LLP*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Cara L. Eisenberg, Esq., SBN 128208<br>The Eisenberg Law Firm<br>509 S. Beverly Drive<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 201-0211   FAX NO. (Optional): (310) 551-1644<br>E-MAIL ADDRESS (Optional): cle@Eisenberglawfirm.com<br>ATTORNEY FOR (Name): Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Thomas Bullard

DEFENDANT/RESPONDENT: Wastequip, Inc., a Corp., Wastequip Manufacturing Co., et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC531862 |
|---|---|

TO (insert name of party being served): George Acero, Esq., on behalf of Wastequip Manufacturing Company

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 23, 2014

Cara L. Eisenberg, Esq.
(TYPE OR PRINT NAME)                                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify):
   Notice of Case Management Conference and Affidavit of Prejudice
   Notice of Reassignment

(To be completed by recipient):

Date this form is signed: 2-6-2014

George Acero, Esq. Wastequip Manufacturing LLC                          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                          George Acero - Partner, Gordon Rees, LLP
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

48

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071.

On February 20, 2014, I served the within documents: **DEFENDANTS WASTEQUIP MANUFACTURING COMPANY LLC AND WASTEQUIP, LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (DIVERSITY)**

☐ **BY FACSIMILE.** By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL SERVICE.** I caused the document(s) listed above to be personally served via USA Legal Network to the person(s) at the address(es) set forth below.

☑ **BY U.S. MAIL.** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

☐ **BY OVERNIGHT SERVICE.** By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☐ **BY ELECTRONIC.** By transmitting via **ELECTRONIC MAIL** the document(s) listed above to the electronic mail (e-mail) address as follows.:

CARA EISENBERG
THE EISENBERG LAW FIRM
509 South Beverly Drive
Beverly Hills, CA 90212
Telephone:  (310) 201-0211
Facsimile:  (310) 551-1644
cle@eisenberglawfirm.com

Attorneys for Plaintiff

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 20, 2014, at Los Angeles, California.

Betty Jue

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

ZRCEPL/1085554/18566482v.1

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071.

On February 20, 2014, I served the within documents: **DECLARATION OF STEVE SVETIK IN SUPPORT OF NOTICE OF REMOVAL**

☐ **BY FACSIMILE.** By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL SERVICE.** I caused the document(s) listed above to be personally served via USA Legal Network to the person(s) at the address(es) set forth below.

☑ **BY U.S. MAIL.** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

☐ **BY OVERNIGHT SERVICE.** By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☐ **BY ELECTRONIC.** By transmitting via **ELECTRONIC MAIL** the document(s) listed above to the electronic mail (e-mail) address as follows.:

CARA EISENBERG
THE EISENBERG LAW FIRM
509 South Beverly Drive
Beverly Hills, CA 90212
Telephone:   (310) 201-0211
Facsimile:    (310) 551-1644
cle@eisenberglawfirm.com

Attorneys for Plaintiff

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 20, 2014, at Los Angeles, California.

Betty Jue

ZRCEPL/1085554/18566482v.1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Margaret M. Morrow _____ and the assigned Magistrate Judge is _____ Suzanne H. Segal _____ .

The case number on all documents filed with the Court should read as follows:

## 2:14-cv-01309 MMM-SSx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 20, 2014
Date

By  SBOURGEOIS
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| THOMAS A. BULLARD | WASTEQUIP MANUFACTURING COMPANY LLC |

| (b) County of Residence of First Listed Plaintiff Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES)* |
|---|---|

| (c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.<br>Cara Eisenberg SBN: 128208<br>The Eisenberg Law Firm<br>509 South Beverly Drive<br>Beverly Hills, CA 90212<br>(310) 201-0211 | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.<br>Lisa K. Garner SBN 155554) George Acero (SBN 226709) Camille Vasquez SBN 273377<br>Gordon & Rees LLP<br>633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071<br>(213) 576-5000 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 280,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332 - Plaintiff sues for breach of employment contract and fraud

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☒ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | |
|---|---|---|
| CV-71 (11/13) | CIVIL COVER SHEET | Page 1 of 3 |

CV 14 - 1309

CONFORMED COPY

UNITED STA─ DISTRICT COURT, CENTRAL DISTRICT OF ─IFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes   ☐ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☒ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes   ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | A PLAINTIFF?<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STA      DISTRICT COURT, CENTRAL DISTRICT OF      .IFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**

**(OR SELF-REPRESENTED LITIGANT):**   _Lisa K. Garner_   DATE: February 20, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com

1

## PROOF OF SERVICE

2        I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon & Rees LLP 633

3  West Fifth Street, 52nd Floor, Los Angeles, CA 90071.

4        On February 20, 2014, I served the within documents:  **CIVIL COVER SHEET**

5  ☐  **BY FACSIMILE.**  By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

6

7  ☐  **BY PERSONAL SERVICE.**  I caused the document(s) listed above to be personally served via USA Legal Network to the person(s) at the address(es) set forth below.

8  ☑  **BY U.S. MAIL.**  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the

9  State of California at Los Angeles, addressed as set forth below.

10  ☐  **BY OVERNIGHT SERVICE.**  By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of

11  envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below,

12  addressed as follows:

13  ☐  **BY ELECTRONIC.**  By transmitting via **ELECTRONIC MAIL** the document(s) listed above to the electronic mail (e-mail) address as follows.:

14  CARA EISENBERG

15  THE EISENBERG LAW FIRM
509 South Beverly Drive

16  Beverly Hills, CA 90212
Telephone:   (310) 201-0211

17  Facsimile:    (310) 551-1644
cle@eisenberglawfirm.com

18  Attorneys for Plaintiff

19        I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the

20  U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service

21  is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

22

23        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24        Executed on February 20, 2014, at Los Angeles, California.

25

26

27                          _____
                                Betty Jue

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

ZRCEPL/1085554/18565482v